IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 6:21-cr-00025-MC |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| CHRISTINE MARIE RAMOS, | |
| Defendant. | |
| _____ | |

MCSHANE, Judge:

    Defendant Christine Ramos moves to reduce her sentence to time served under 18 U.S.C. § 3582(c)(1)(A)(i). Def.'s Mot. Reduce Sent. 1, ECF No. 97. Because the Court finds that Ms. Ramos's circumstances do not meet the criteria set out in U.S.S.G. § 1B1.13(b) and that the 18 U.S.C. § 3553(a) factors weigh against granting release, Ms. Ramos's Motion is DENIED, as explained below.

1 – Opinion and Order

**BACKGROUND**

On March 29, 2021, Ms. Ramos pleaded guilty to conspiracy to possess with intent to distribute methamphetamine, oxycodone, and hydromorphone. ECF No. 67. On November 29, 2022, the Court sentenced her to 51 months' imprisonment. ECF No. 90. Ms. Ramos voluntarily surrendered to FCI Waseca in March 2023.

On December 20, 2024, Ms. Ramos filed a Motion to Reduce Sentence under 18 U.S.C. § 3582(c)(1)(A)(i). In her Motion, Ms. Ramos states that she has exhausted her administrative remedies and now seeks an order reducing her sentence to time served so that she may be released to home confinement. Def.'s Mot. 1, 12. She argues that her extraordinary and compelling circumstances include her deteriorating health and need to care for her adult son. *Id*. at 14, 16. The Government does not dispute that Ms. Ramos has exhausted all administrative remedies but opposes the Motion on its merits, arguing that Ms. Ramos fails to establish extraordinary and compelling reasons warranting a reduction and that such a reduction would be inconsistent with the nature and circumstances of the offense. Gov't's Resp. 6, 10, ECF No. 106.

The Motion came under advisement on March 28, 2025. Since then, Ms. Ramos has notified the Court that she was transferred to a halfway house in Portland to serve the remainder of her term. She understands that she will be eligible for home confinement in June. Her official Bureau of Prisons ("BOP") release date is October 10, 2025.

For the reasons stated below, the Court agrees with the Government and denies Ms. Ramos's Motion.

**LEGAL STANDARD**

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c)(1)(A). However, a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)—

otherwise known as compassionate release—acts as an exception to this rule, allowing a court to reduce a defendant's term of imprisonment under certain conditions. *United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021) (citing § 3582(c)(1)).

For a defendant to directly petition a district court for compassionate release, he or she must first exhaust all administrative remedies available through the BOP or wait 30 days from when the defendant's request for release was received by the facility's warden. § 3582(c)(1)(A). Where this exhaustion requirement is met, the district court may grant a defendant's motion for compassionate release if it finds that (1) "extraordinary and compelling reasons" justify the sentence reduction; (2) a reduction would be consistent with applicable U.S. Sentencing Commission policy statements; and (3) the factors set forth in 18 U.S.C. § 3553(a) warrant the reduction. *United States v. Wright*, 46 F.4th 938, 945 (9th Cir. 2022) (quoting § 3582(c)(1)(A)). The defendant has the burden of establishing each requirement. *United States v. Sprague*, 135 F.3d 1301, 1306–07 (9th Cir. 1998). If the defendant fails to satisfy any of the requirements, the court may deny without assessing the remaining elements. *Keller*, 2 F.4th at 1284.

## DISCUSSION

### I.  Administrative Exhaustion

Ms. Ramos requested compassionate release from the FCI Waseca warden on June 21, 2024, more than 30 days before filing her Motion. Ex. 8b, ECF No. 102. Accordingly, the Motion is ripe for review and the Court continues its assessment to whether Ms. Ramos has established extraordinary and compelling reasons justifying release.

### II.  Extraordinary and Compelling Reasons

The U.S. Sentencing Commission's policy statement, U.S.S.G. § 1B1.13, provides criteria for what constitutes an "extraordinary and compelling reason." This Court views the

version of § 1B1.13 amended on November 1, 2023, as an applicable policy statement for defendant-filed motions for compassionate release. *See* U.S.S.G. § 1B1.13 ("Upon motion of the Director of the Bureau of Prisons *or the defendant* pursuant to 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment[.]") (emphasis added); *see also* U.S. Sentencing Commission, Amendments to the Sentencing Guidelines, at 7 (effective Nov. 1, 2023), https://www.ussc.gov/sites/default/files/pdf/amendment-process/official-text amendments/ 202305_Amendments.pdf (explaining that "the amendment extends the applicability of the policy statement to defendant-filed motions").

In the amended version of the policy statement, the Sentencing Commission provides an expanded list of circumstances under which extraordinary and compelling reasons for compassionate release may exist. As relevant to the instant Motion, these enumerated reasons include considerations of the defendant's medical circumstances, family circumstances, and any other circumstances of equal gravity. Here, Ms. Ramos argues that the combination of her untreated, deteriorating health and her need to care for her adult son is an extraordinary and compelling reason to reduce her sentence to time served. The Court disagrees.

   a. ***Medical Condition***

An extraordinary and compelling reason for compassionate release exists when "[t]he defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." § 1B1.13(b)(1)(C).

In her Motion, Ms. Ramos alleges that she suffers from ulnar nerve problems, panic disorder, and bipolar disorder, for which she has struggled to receive proper medical attention in custody and fears permanent harm may result. Def.'s Mot. 16–18. Because she is no longer in

4 – Opinion and Order

custody at FCI Waseca, her allegations regarding inadequate care are moot. However, the Court notes that upon reviewing the briefs and medical records submitted by the parties, it appears that all of Ms. Ramos's conditions were continually addressed and treated by the BOP. Further, many of the cited conditions existed at the time of sentencing and were considered by the Court in making its decision. Ms. Ramos therefore fails to demonstrate that her medical conditions present an extraordinary and compelling reason to support her release.

### b. *Caregiver Needs*

"The death or incapacitation of the caregiver of the defendant's . . . child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition" constitutes an extraordinary and compelling reason for compassionate release. § 1B1.13(b)(3)(A). The court may also consider "any other circumstance or combination of circumstances that, when considered by themselves or together . . . are similar in gravity to those" enumerated in the guidelines. § 1B1.13(b)(5).

In her Motion, Ms. Ramos seeks compassionate release primarily to care for her adult son, Michael. Pl.'s Mot. 14–16. Beginning at the age of two, Michael has been diagnosed with attention-deficit hyperactivity disorder, borderline Asperger's syndrome, an unspecified mood disorder, bipolar disorder, and schizophrenia. PSR ¶ 37, ECF No. 74. He is now 24 years old and, as was the case at Ms. Ramos's sentencing, he continues to live in his own apartment. Pl.'s Mot. 2. Prior to Ms. Ramos's incarceration, Michael spent most of his time at her house and the house of her father, Mark Brieno. PSR ¶ 38. Mr. Brieno has continued to care for Michael daily, with the assistance of Michael's 18-year-old sister, Kaitlynn. *See* Exs. 1a, 1b, ECF No. 102. However, Mr. Brieno reports that Michael has become "reclusive and demonstrated a 'complete disregard for everything'" following his mother's incarceration. Ex. 1a at 2. Mr. Brieno reports that

Michael's hallucinations have precluded him from bathing in over two years and occasionally prevent him from feeding himself or eating the food that Mr. Brieno delivers. *Id.*; Ex. 1b at 1. Michael frequently throws his garbage out of the window, has lost or broken at least three phones that Mr. Brieno has provided for him, and generally exhibits inappropriate behavior and paranoia that leads to erratic behavior. *Id.*

Ms. Ramos argues that Michael's mental illness has rendered him "incapable of self-care" without her help. Pl.'s Mot. 14–15. Although she acknowledges that this circumstance does not present a "death or incapacitation" of an adult child's caregiver, Ms. Ramos nonetheless argues that the caregivers who have attempted to take her place during her incarceration have not been able to adequately aid Michael, and therefore the circumstances here are "similar in gravity" to support a finding of extraordinary and compelling. *Id.*

Here, the Court is forced to account for the fact that Michael has care. Granted, this care comes at a cost to the family and particularly Mr. Brieno, but Michael is not without support or familiar caregivers. Extraordinary and compelling reasons do not arise merely because the best caregiver is unavailable; the policy demands the absence of a caregiver or circumstances "similar in gravity." Further, the Court notes that it was aware of Michael's medical history and need at the time of sentencing, and it nonetheless chose to impose a sentence of 51 months. While his condition may have worsened with Ms. Ramos's incarceration, she has failed to demonstrate that the current circumstances depart so starkly from those presented at sentencing to warrant a complete change of course now. With Ms. Ramos's release to a halfway house, and the flexibility to see family that it will afford her, the Court is hopeful that Michael's condition will improve, and he will become more amenable to seeking treatment.

6 – Opinion and Order

Although the circumstances presented by Ms. Ramos are unfortunate, they do not meet the criteria set out in § 1B1.13(b). The Court therefore concludes that she has failed to establish that an extraordinary or compelling reason for compassionate release exists at this time.

### III. Sentencing Factors

Even if extraordinary and compelling reasons were demonstrated, the Court nonetheless finds that the 18 U.S.C. § 3553(a) factors weigh against granting Ms. Ramos a full reduction.

Those factors consider the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence imposed "(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes by the defendant; and (D) to provide the defendant with needed educational and vocational training, medical care, and other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2).

Here, although Ms. Ramos's criminal history is minor, the Court does not find that it mitigates the serious nature and circumstances of the underlying offense. Ms. Ramos had a one and a half to two-year relationship with the adult victim in this case, selling him pills on a regular basis, sometimes twice a day. Gov't's Sent. Memo. 2, ECF No. 86. Notably, Ms. Ramos did not sell the pill that caused his death. But she was his regular pill supplier, her phone messages indicated her involvement in the circumstances of his death, and her home contained drug paraphernalia, baggies, cash, and hundreds of pills ready for sale. *See* PSR at ¶¶ 20, 23. Granting a reduction on her sentence would undermine the seriousness of the offense and compromise future deterrence to criminal conduct.

The Court therefore concludes that Ms. Ramos has not carried her burden to show that a reduction to her sentence is justified.

## **CONCLUSION**

For the reasons stated above, Ms. Ramos's Motion for Compassionate Release, ECF No. 97, is DENIED.

IT IS SO ORDERED.

DATED this 9th day of May 2025.

                                                          _____s/Michael J. McShane_____
                                                                Michael J. McShane
                                                          United States District Judge